# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr280 |
| | § | (Judge Schell) |
| DUANE RAY CLARK | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 15, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Randall Blake.

On July 20, 2007, Defendfant was sentenced by the Honorable Richard A. Schell to thirty-seven (37) months' custody followed by three years of supervised release for the offenses of False Claims and False Statements or Entries. On November 17, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On June 22, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: defendant shall refrain from any unlawful use of a controlled substance. The petition also alleged the violations of the following standard condition: defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician. The petition alleges violation of the following special conditions: (1) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S.

Probation Office, until such time as the defendant is released from the program by the probation officer; (2) the defendant shall pay $12,095.88 in restitution to be payed on a monthly basis at a rate of at least 10% of the defendant's gross income; and (3) the defendant shall pay a $200 special assessment.

The petition alleges that Defendant committed the following acts with regard to allegations: (1) On January 20, April 21, May 25, and June 9, 2010, Defendant submitted urine specimens that tested positive for marijuana. Defendant admitted to said use on January 20 and April 21, 2010, while Alere Toxicology Services confirmed the May 25 and June 9, 2010 test results; (2) On May 12, 2010, Defendant failed to submit a urine specimen for testing as instructed at Wilson N. Jones Workmed as part of the U.S. Probation Office's random drug testing program; (3) As of the time of the filing of the petition, Defendant had not made a payment toward the restitution and still owes $12,095.88; and (4) As of the date of the filing of the petition, Defendant had not made a payment toward the special assessment while on supervision and still owes $125.

Prior to the Government putting on its case, Defendant entered a plea of true to the violation. The Court recommends that Defendant's supervised release be revoked. The Court finds the guideline range in this case is eight to fourteen months.

**RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with twenty-eight (28) months' supervised release to follow. It is also recommended that Defendant be housed in a medical facility within the Bureau of Prisons.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay a special assessment of $200. The special assessment is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

It is further ordered that the defendant is to pay restitution totaling $12,095.88 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15

days of receipt.  Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.  Interest is waived.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 19th day of July, 2010.**


_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE